IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**          *

    **V.**          *          **CRIMINAL NO. CCB-21-0286**

**THOMAS JONES**          *

## MEMORANDUM AND ORDER

Currently pending is Defendant's Motion for Review of Detention Order and Request for Detention Hearing ("Motion") (ECF No. 170) and Government's Response to Defendant's Request for Review of Detention Order ("Response") (ECF No. 189). For the reasons noted below, the court concludes that the pending Motion does not offer a basis for reconsideration of the detention order in this case and, accordingly, the Motion (ECF No. 170) is denied.

A detention hearing was held in this case on August 23, 2021 before the Honorable Thomas M. DiGirolamo and the court entered an Order of Detention (ECF No. 105). At the time of the detention hearing, the defendant was charged by indictment with Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, 18 U.S.C. § 846 (Count One) and Possession of a Firearm and Ammunition by a Convicted Felon, 18 U.S.C § 922(g) (Count Three).[1] The court detailed the reasons for detention in an Order of Detention, noting that there was a rebuttable presumption under 18 U.S.C. § 3142(e)(3), which had not been rebutted and that no condition or combination of conditions would reasonably assure the safety of the community. (ECF No. 105): In the Order of Detention, the court noted the following reasons for

---

[1] A Superseding Indictment was returned on November 4, 2021 which added charges against the defendant as follows: Possession of a Firearm in Furtherance of Drug Trafficking, 18 U.S.C. §924(c) (Count Four) and Possession of Firearm and Ammunition by a Prohibited Person, 18 U.S.C. §922(g)(1) (Count Five).

1

detention: 1) weight of evidence; 2) prior criminal history; and 3) prior violations of probation, parole or supervised release. The Motion was referred to the undersigned subsequent to the retirement of Judge DiGirolamo. The undersigned has reviewed the entire record in this case and, for the reasons noted below, denies the Motion.

Defendant seeks reconsideration of his detention arguing that, at the time he filed his motion, there was an outbreak of COVID-19 at the Chesapeake Detention Facility ("CDF") where he is detained and that his medical conditions (noted in defendant's Motion) put him at further risk of becoming seriously ill from COVID-19 and its variants. (ECF No. 170 at 2-4).  Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.  The court notes that conditions at CDF are significantly better now than they were when the defendant filed his Motion and that there are few, if any, positive COVID cases at CDF currently.  Indeed, these conditions are likely better than they were at the time of the defendant's original detention hearing. The court also notes, as does the defendant, that a class action was filed on February 20, 2021 alleging that CDF's actions contributed to the outbreak and that CDF has failed to take appropriate actions in response.  As a result, conditions at CDF are being actively monitored by the assigned judge and CDF has taken significant measures to control the COVID situation there. In sum, the current conditions at CDF do not offer new information warranting a reopening of the detention hearing.

Similarly, the defendant's medical conditions were detailed in the defendant's Pretrial Report and were known by the court at the time of the detention hearing.  No new medical

information has been offered by the defendant. In considering release for health reasons, the court considers not only traditional Section 3142 factors, but also the nature of the health risk to a defendant upon release, as well as the nature of the risk—health and otherwise—to others should a defendant be released. Based upon the present record, the court concludes that the defendant's current medical conditions coupled with the conditions at CDF do not outweigh §3142 factors warranting detention. The court also notes that the third party custodian proposed by the defendant is the very same custodian noted in the Pretrial Report. The undersigned concludes now, as did Judge DiGirolamo at the original detention hearing, that even the strictest of conditions of release to include a third party custodian, electronic monitoring and related conditions are inadequate to ensure the safety of the community.

Based upon a consideration of the record, the undersigned concludes that defendant has not offered any new information that has a material bearing on the court's previous findings regarding the defendant's danger to the community. When the court ordered detention in this case, it was based upon the overwhelming evidence proffered at the detention hearing, the defendant's prior criminal history, non-compliance with previous periods of supervision, and the weight of the evidence. As noted above, the undersigned has reviewed the record in this case and concludes, by clear and convincing evidence, that there is no condition or combination of conditions which will reasonably assure the community's safety.[2] Accordingly, Defendant's Motion (ECF No. 170) is denied.

---

[2] The court has also considered release under 18 U.S.C. § 3142(i). The court has herein broadly employed the analysis suggested by the Fourth Circuit in United States v. Creek, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020) in considering COVID-19 based requests for temporary release under §3142(i), although the Creek order did not explicitly apply this analysis to other provisions of the Bail Reform Act. See United States v. Gallagher, SAG-19-479 (D. Md.), ECF No. 45 at 6-7. Specifically, the court has concluded that the defendant's medical condition and

Date:   March 2, 2022                                          /s/
                                                       Beth P. Gesner
                                                       Chief United States Magistrate Judge

---

the conditions at CDF do not rise to the level of a "compelling reason" warranting the defendant's temporary release under 18 U.S.C. §3142(i).